UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN A. O'BRIEN, | No. 2:10-cv-2472 MCE CKD P |
| Petitioner, | |
| v. | ORDER |
| LELAND McEWEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 19, 2013, the magistrate judge filed findings and recommendations herein, ECF 27, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations. See ECF No. 30.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Contra petitioner's objections, this Court finds that the magistrate judge properly applied the AEDPA standard of review to petitioner's claims. See Wood v. Allen, 558 U.S. 290, 301-303 (2010) (under § 2254(d)(2), state court's factual findings were not unreasonable in light of the evidence presented in state-court

1

proceedings; "[a]s for any evidence that may plausibly be read as inconsistent with [the state court's factual finding], . . . we conclude that it does not suffice to demonstrate that the finding was unreasonable."). Otherwise, petitioner's objections essentially re-argue the merits of his claims. The Court has duly considered these arguments in its de novo review.

Petitioner points out in his objections that the magistrate judge did not address the sub-argument that defense counsel Clark was ineffective for failing to present evidence that Petitioner called and spoke to an employee at his mother's automotive shop, Edward Winslow, on the morning of the shooting. In a declaration submitted in support of Petitioner's motion for new trial, Winslow stated that he was at the shop's front desk helping a customer at 10:49 a.m., as evidenced by the customer's credit card receipt stamped at that time.

> While I was processing Ms. Sirmark's credit card at the front desk, or very soon afterwards, Sean O'Brien called on the telephone. When I picked up the telephone, Sean said, 'Is my mom there?' His mother, Deborah O'Brien, was outside the lobby in the parking lot talking to a customer. I told Sean I would get her, and put the call on hold. I then went outside and told Deborah that Sean was on the phone.
>
> Sometime prior to Sean's trial in February 2004, Sean's lawyer, James Clark, called me on the telephone at the garage. . . . At that time I was dealing with cashing out customers who had come to pick up their cars and trucks. My entire conversation with Clark lasted about one minute. Clark asked me if Sean had called the garage on the morning of February 26, 2003, the day of the crime. I told Clark that Sean had called. Clark asked me when Sean had called. I told Clark that off the top of my head I thought it was between 9:30 and 11 a.m. and that I was very busy but if I had a chance to look at the paper work from that morning I could be more precise. Clark responded that if I wasn't sure when Sean had called, he couldn't use me as a witness. That was the end of the conversation.

(7 CT 1757-1758.)

In his April 2008 declaration, attorney Clark stated as follows:

> Sometime well prior to trial, I was informed that on the morning of the shooting Sean O'Brien had called his mother's automotive garage and spoke to an employee there, Ned Winslow. I asked him if Sean O'Brien had called the garage on the morning of the Treasure Lane shooting. Winslow stated that O'Brien had called that morning. I asked him when O'Brien called the garage. Winslow said that he thought it was between 9:30 and 11 a.m., but that he could not be more precise. I told Winslow that I could not use him as a defense witness because he was uncertain when

2

> O'Brien called. . . . I did not call Winslow as a defense witness at trial.

(Lod. Doc. 11, Exhibits at 17-18.)

This evidence does not render "unreasonable" the state court's conclusion that Clark provided constitutionally adequate representation. First, Winslow admittedly did not remember exactly when he spoke to Petitioner; the customer's credit card receipt only indirectly suggests that the time of the call was around 10:49 a.m. (See 7 CT 1766.) Second, Petitioner presents no direct evidence – i.e., phone records – that Petitioner called the shop or spoke to his mother by telephone on the morning of the shooting. Third, as set forth in the magistrate judge's findings, Clark only learned at trial that the prosecution was going to assert that the shooting took place before 11:30 a.m., which explains in part why he did not pursue a possible 10:49 a.m. alibi in the weeks prior to trial. As set forth in the magistrate judge's findings, the state court reasonably determined that Clark's overall trial strategy, after he learned of last-minute changes to the state's case, was within the bounds of professional competent assistance.

Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 19, 2013, ECF No. 27, are ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus, ECF No. 1, is DENIED;

3. This case is CLOSED; and

4. A certificate of appealability is issued with respect to the following issues: Whether Petitioner's trial attorney Clark rendered ineffective assistance of counsel. See 28 U.S.C. § 2253.

IT IS SO ORDERED.

Dated: April 15, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT