UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN A. O'BRIEN, | No. 2:10-cv-2472 MCE CKD P |
| Petitioner, | |
| v. | ORDER |
| LELAND McEWEN, | |
| Respondent. | |

Following a status conference on March 30, 2016, the parties were ordered to file a Joint Status Report on the evidence to be presented at the evidentiary hearing and any related matters. (ECF Nos. 55 & 56.) The parties have now filed their Joint Status Report. (ECF No. 57.)

The parties agree that no further discovery is required. Petitioner states that he intends to prove 54 factual allegations set forth in his November 25, 2015 memorandum, some of which are undisputed as a matter of state court record. (See ECF No. 44.) Petitioner states that he expects to call up to a dozen witnesses, but cannot identify "exactly which witnesses will be called and in what order." Petitioner has provided respondent with a list of seventeen potential witnesses; however, he does not make a proffer of any witness's expected testimony.

Respondent will stipulate to the authenticity of certain phone records and a police report. Respondent objects to all of petitioner's witnesses on relevance grounds, with the exception of petitioner's trial attorney, Clark; and an employee at petitioner's mother's automotive shop,

1

1  Winslow, who at one point stated that petitioner telephoned the shop on the morning of the crime.
2  Respondent asserts that, if petitioner were allowed to call witnesses without a proffer in a
3  "prolonged fishing expedition," respondent would have no way to prepare for the hearing.
4  Respondent requests that petitioner be ordered to proffer testimony for each proposed witness and
5  show how such evidence entitles him to relief on his ineffective assistance claims. If petitioner
6  cannot do so, respondent requests that the hearing be limited to witnesses Clark and Winslow.

7  The scope of an evidentiary hearing on a motion under 28 U.S.C. § 2254 is committed to
8  the discretion of the district court. LaGrand v. Stewart, 133 F.3d 1253, 1270 (9th Cir. 1998),
9  citing United States v. Layton, 855 F.2d 1388, 1421 (9th Cir. 1988). In an evidentiary hearing on
10 an ineffective assistance claim, the district court may impose limitations that are "reasonably
11 designed to restrict the issue to competence of counsel, on the basis of what was reasonably
12 known by counsel at the time of trial." Wade v. Calderon, 29 F.3d 1312, 1327 (9th Cir. 1994),
13 overruled on other grounds by Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 815 (9th Cir.
14 2003); see also LaGrand, 133 F.3d at 1270-71 (district court permissibly limited scope of hearing
15 to evidence of counsel's deficiency under Strickland "before the court would entertain evidence
16 regarding prejudice").

17 In its order remanding this action for an evidentiary hearing, the Ninth Circuit stated:

> The state court rejected O'Brien's ineffective assistance claim on the ground that, even if counsel's performance in presenting O'Brien's defense was deficient, O'Brien failed to establish prejudice under Strickland. To establish prejudice, . . . O'Brien needed to show that, but for counsel's allegedly deficient performance, there is a reasonable probability that at least one juror would have credited the additional evidence and harbored a reasonable doubt about his guilt. See Cannedy[1], 706 F.3d at 1166. To make that determination, the court had to 'compare the evidence that actually was presented to the jury with that which could have been presented had counsel acted appropriately." Id. at 1163.

24 (ECF No. 43 at 6.)

25 In Cannedy, the Ninth Circuit explained:

> To determine whether counsel's errors prejudiced the outcome of the trial, we must compare the evidence that actually was presented

---

[1] Cannedy v. Adams, 706 F.3d 1148, 1160 (9th Cir. 2013).

> to the jury with that which could have been presented had counsel acted appropriately. . . . Thus, we must first consider whether [the evidence] could have been admitted at trial. If the evidence could have been admitted, we must then ask whether there was a reasonable probability that it would have affected the outcome of the proceeding.

706 F.3d at 1163 (citations omitted). Thus, the evidentiary hearing in this matter is concerned with attorney deficiency and prejudice issues that cannot be resolved by reference to the state court record. Its scope includes state-admissible evidence "which could have been presented had counsel acted appropriately," as well as any evidence of prejudice under Strickland.

Accordingly, IT IS HEREBY ORDERED THAT:

1. No later than forty-five (45) days from the date of this order, petitioner shall file a list of witnesses he intends to call at the evidentiary hearing, excluding Clark and Winslow.

2. As to each intended witness, petitioner shall make a proffer of testimony in light of the Cannedy standard.

3. Upon review of petitioner's witness list and proffer, the court will make a determination whether to expand the scope of the evidentiary hearing to include witnesses other than Clark and Winslow.

Dated: July 14, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / obri2472.eh

3